Geeen, J.
delivered the opinion of the court.
This bill is filed to have a nuisance abated. The defendant has a mill, the dam of which is raised so high as to overflow the only spring- of complainant and destroys the water. The land now owned by defendant was formerly owned by one Mitchell, who first erected the mill and dam. In 1824 the complainant recovered of Mitchell, in an action at law, damages for an injury done his spring by the erection of said mill-dam. In 1826 complainant prosecuted a second action for a continuance of the nuisance, and obtained another judg *134 ment. In 1830 complainant filed his bill praying that the nujgance abated. in 1833 a decree was rendered that the ¿am should be cut down, so that the pond should not overflow the spring. The dam was cut down and so remained until Mitchell sold his land to one Jones, who, in 1837, proceeded to re-build the dam, and then sold the dam and mill to defendant, Law. The complainant sets forth these facts in his bill, and prays that the said nuisance be abated. To ibis bill there is a demurrer, on the ground that complainant should have established the existence of the nuisance in an action at law; and that not having done this, a court of chancery has no jurisdiction of the case. This demurrer is not well taken. If an action at law and a verdict of a jury were necessary in the first place to establish the existence of a nuisance, the suit and judgment against Mitchell for this same nuisance stand on record, and as effectually establish the fact against this defendant as against Mitchell, from whom he derives his title. Having placed himself in the relation of a privy in estate, he must submit to all the consequences of this recorded fact, as by purchasing the land from Mitchell he places himself in the same position in reference to this matter. But the counsel have misconceived the case of Caldwell vs. Knott, 10 Yer. Rep. 209. In that case the defendant urged a verbal license on the part of the complainant’s ancestor to build the mill; that it had been erected, and the spring overflowed for ten years before the bill was filed. Under these circumstances the court said the right of the complainant was not clear, and the length of time the mill had existed, together with the other facts proved, made it questionable whether the defendant had not acted under a license in the erection of his mill. It was therefore determined, that before a court of' chancery would take jurisdiction in such a case, the existence of the nuisance must be established at law. But in a case where the right is clear and the existence of the nuisance manifest, and the injury is of a character that cannot be compensated in damages, a court of chancery interposes to prevent the mischief. In such case a trial at law is not necessary in order to give jurisdiction. On an examination of the case of Caldwell vs. Knott, it will be per *135 ceived that there is nothing in that case opposed to the views above taken. The demurrer was properly disallowed, fore, upon either of the foregoing grounds.
The proof amply sustains the allegations of the bill. The spring which is overflowed is the only one on the plantation of the complainant. It is true he did not use it for a considerable time. Why he did not is left to conjecture; but that can make no difference. He did not acquiesce in the destruction of it by the defendant’s pond; and if he were deprived of its use he would be entirely dependant upon the pleasure of his neighbors for water. Indeed we do not see why the complainant did not proceed against the defendant for contempt for the violation of the former decree instead of filing this bill.
Let the decree be affirmed.
Noíe. — Tenant for years erected a nuisance and afterwards made an under-lease to J. S. The question was, whether after a recovery against the first tenant for years for the erection, an action would lie against him for the continuance after he had made an under-lease. Et per cur. it lies, for he transferred it with the original wrong, and hisdemise affirms the continuance of it; he hath also rent as a consideration for the continuance, and therefore ought to answer the damage it occasions. Rosewell vs. Prior, Salk. 460. Receipt of rent is upholding. Cro. JU. 373, 555. The action lies against either, at the plaintiff's election.